[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this partition action, seeking to have the parties' premises sold and the net proceeds divided between the parties.
The court finds for the plaintiff on both counts of the Amended Complaint. The Third Count of said amended complaint was withdrawn by the plaintiff.
The First Count of the Amended Complaint seeks to have real estate known as 140 Bahre Corner Road, Canton, Connecticut partitioned pursuant to Connecticut General Statutes § 52-495.
In the Second Count, the plaintiff seeks the enforcement by way of specific performance of an "Ownership Agreement." (Plaintiff's Exhibit 3)
The court finds that the parties entered into an Ownership Agreement. That in paragraph five of the Ownership Agreement it provides for the sale of the premises with the parties to take all reasonable steps necessary for the sale within a commercially reasonable time, if the real property has not been sold prior to December 31, 1991. That, to date, the CT Page 5082 premises have not been sold. That the plaintiff has sought to have the premises sold, but has been unable to have the defendant participate in such sale, as set out in the terms of the said Ownership Agreement.
That, the defendant has violated the terms of said agreement through that refusal to sell the premises.
Therefore, the court orders that the terms of said Ownership Agreement be carried out; that the real estate, known as 140 Bahre Corner Road, Canton, Connecticut be put up for sale; that a listing agreement be executed by the parties, or by the plaintiff alone, upon the defendant's failure to execute the document within five (5) days after having it presented to him for signature; that, the sale price be between $130,000.00 and $145,000.00; that, the premises be bound by a contract of sale within six (6) months of the date of this order.
As to Count One: The court finds that the conditions set out in Connecticut General Statutes § 52-495 apply to the factual situation presented in open court; that, the real estate herein involved is to be partitioned; that, the partition is feasible only through sale, and, that an equal division of the net proceeds be carried out between the parties.
The terms of the court's order concerning Count One are suspended if the orders set out by the court regarding Count Two are effectuated. If the orders regarding Count Two are not carried out, then the court will entertain a motion to implement the carrying out of the sale by Committee required by Connecticut General Statutes § 52-495.
Judgment may enter as set out in the above findings by the court.
JULIUS J. KREMSKI STATE TRIAL REFEREE